Dear Mr. Jackson:
It has come to our attention that a reconsideration of Opinion 94-133(A) may be in order. Specifically, we reevaluate whether recreation districts are political subdivisions of the state and, therefore, subject to the publication requirements of LSA-R.S. 43:171.
In Opinion 94-133(A), we relied on LSA-R.S. 33:4562 to determine that recreation districts created pursuant to those provisions were agencies of the state and not political subdivisions thereof. LSA-R.S. 33:4562(B), in applicable part, states:
 . . . The district shall constitute an agency of the state of Louisiana designated to carry out an essential governmental function of the state and all of the property of the district shall be exempt from taxation . . .
However, LSA-R.S. 33:4566 has language to the contrary:
 The recreation districts created under the provisions of R.S. 33:4562 are declared to be political subdivisions of the state, and for the purpose of purchasing and acquiring lands, buildings, equipment, and other facilities, and for the construction and maintenance thereof are authorized to vote and levy special maintenance taxes and issue bonds when authorized to do so by a vote of the qualified electors of the district and as authorized by the Constitution and laws of the state of Louisiana. Any election authorized under this Section shall be called by the board of commissioners of the district, and in the same election to issue bonds the board may also submit to the qualified electors of the district a proposition to levy a special tax not to exceed fifteen mills on the dollar for a period not to exceed ten years for the purpose of maintaining and operating said district. (Emphasis added.)
These two provisions contradict each other as to whether recreation districts are agencies of the state or, instead, political subdivisions of the state. The provision most recently enacted controls as it is the latest expression of legislative will.
Act 474 of the 1958 Regular Session amended LSA-R.S. 33:4562(B) to include the above cited language. However, LSA-R.S. 33:4566
was amended by Act 91 of the 1985 Regular Session to state that recreation districts created pursuant to LSA-R.S. 33:4562 are political subdivisions of the state. Therefore, as the most recent enactment of legislative will, LSA-R.S. 33:4566 as amended by Act 91 (1985), controls and designates the status of recreation districts as political subdivisions of the state.
LSA-R.S. 43:171 requires that "[l]evee, drainage, subdrainage, road, subroad, navigation, and sewerage districts, or other political subdivisions of the state and parishes" publish the board proceedings and certain financial statements in a designated newspaper. As political subdivisions of the state, recreation districts are subject to the publication requirements under LSA-R.S. 43:171.
Therefore, we revoke that portion of Opinion 94-133(A) to the contrary of this conclusion.
I trust this cures all ambiguities regarding this issue. If you require further assistance, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI/CMF/vlh
Date Received:
Date Released:
CARLOS M. FINALET, III ASSISTANT ATTORNEY GENERAL